**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-749-RJC
(3:04-cr-307-RJC-1)**

| | | |
|---|---|---|
| SAMUEL ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **60-DAY ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 or, alternatively, under 28 U.S.C. § 2241, or as a petition for writ of coram nobis or a writ of audita querela (Doc. No. 2). Petitioner is represented by Leah A. Kane of the Federal Defenders of Western North Carolina.

Petitioner is serving a 137-month sentence after being convicted on July 26, 2005, of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) (Count One); use and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). Petitioner's presentence report indicates that he was classified as a career offender based on two prior North Carolina convictions for drug offenses, but he received a departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance. This Court sentenced Petitioner to 60 months imprisonment for Counts One and Three, to run concurrently, and to 77 months imprisonment for Count Two, to run consecutively.

In the petition, Petitioner alleges that he is entitled to relief in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically,

Petitioner contends that that because Petitioner's prior offenses are no longer deemed "punishable by imprisonment for a term exceeding one year" under § 922(g)(1), or U.S.S.G. § 4B1.1, he is actually innocent of both the crime for which he was convicted as well as the career offender enhancement that applied to him.  Petitioner, therefore, seeks to have this Court vacate his conviction and dismiss the indictment.

The Court determines that the United States Attorney shall file a response to Petitioner's allegations.  The Court directs the United States file an Answer or other responsive pleading to the § 2255 motion to vacate within sixty (60) days.

**IT IS, THEREFORE, ORDERED** that no later than sixty (60) days, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate.

Signed: December 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge