IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-749
(3:04-CR-307)

| | |
|---|---|
| SAMUEL ROBINSON ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 2); the Government's Response in partial support, (Doc. No. 9), and related pleadings. For the reasons that follow, the motion will be granted in part.

I. BACKGROUND

On July 26, 2005, Petitioner pled guilty to possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a) (Count One); carrying a firearm during and in relation to that drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count Three), without the benefit of a plea agreement. (Case No. 3:04-cr-307, Doc. No. 9: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to sixty months' imprisonment on Counts One and Three to be served concurrently followed by seventy-seven months on Count Two and entered judgment on February 22, 2006. (Id., Doc. No. 19: Judgment). Petitioner did not appeal his conviction or sentence. He was released from confinement and began a three year term of supervised release on January 5, 2015.[1]

---

[1] https://www.bop.gov/inmateloc/.

On November 8, 2012, Petitioner filed the instant § 2255 motion claiming he cannot stand convicted of the § 922(g)(1) offense nor sentenced as a Career Offender for the § 841(a) offense in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate convictions did not expose him to more than one years' imprisonment. (Doc No. 1 at 1).

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Count Three

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for the filing of a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive its defense only as to Petitioner's claim regarding the § 922(g)(1) conviction (Count Three). (Doc. No. 9: Response at 1-2). Petitioner has been released from custody, but he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution as to Count Three. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action

following release from confinement). For this reason, and, in light of the Government's waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id.

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior convictions could not have resulted in a sentence of more than one year in prison. (Doc.

3

No. 1: Motion at 2, Exhibits 1, 2; Doc. No. 9: Response at 6). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of the § 922(g)(1) conviction for Count Three in the circumstances of this case.

B. Count One

Petitioner's challenge to Count One stands on different footing as he only challenges the length of the jail sentence of the § 841(a) offense, not the conviction itself. (Doc. No. 10: Reply at 1). As noted above, Petitioner has been released from confinement; therefore that claim is moot. Even if the Court were to consider the claim, Petitioner would not be entitled to relief in light of Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc) (rejecting untimely collateral attack of Career Offender designation).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate his criminal conviction for Count Three in Case No. 3:04-cr-307, (Doc. No. 1), is **GRANTED**, and Petitioner is discharged as to that offense;

2. Petitioner's Motion to Vacate his sentence for Count One in Case No. 3:04-cr-307, (Doc. No. 1), is **DENIED as moot**; and

3. the Government's Motion to Stay, (Doc. No. 5), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 21, 2016

Robert J. Conrad, Jr.
United States District Judge